IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BENTLEY M. JENKINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-777-O |
| | § | |
| UNITED STATES OF AMERICA , | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

This is a petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651 filed by Petitioner, Bentley M. Jenkins, a federal prisoner confined at the federal correctional institution in Pollock, Louisiana. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction. No service has issued upon Respondent.

**I. BACKGROUND**

In this petition, Petitioner challenges his 1991 state court conviction in Tarrant County, Texas, Case No. 0410880D, for aggravated assault with a deadly weapon causing serious bodily injury used to enhance his federal sentence for bank robbery under the Armed Career Criminal Act. Pet. 3-4, ECF No. 1. Petitioner has served his 10-year sentence for his 1991 conviction.

**II. SUBJECT MATTER JURISDICTION**

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). A writ of error *coram nobis* is available to federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a), providing "[t]he Supreme Court and all courts

established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). The writ is accessible to a petitioner who has completed his sentence and is no longer "in custody" for purposes of seeking relief under 28 U.S.C. § 2254. *United States v. Dyer,* 136 F.3d 417, 422 (5th Cir.1998). However, the "function of the writ of error *coram nobis* is to permit a court to review its own judgement," not to provide an inmate with an alternative avenue to challenge a state conviction in federal court. *Sinclair v. Louisiana,* 679 F.2d 513, 515 (5th Cir.1982). The Fifth Circuit has made clear that "the writ of error coram nobis is not available in federal court to attack state criminal judgments" because that writ "can only issue to aid the jurisdiction of the court in which the conviction was had." *Id; Back v. Amarillo Police Dep't,* 673 Fed. App'x 458 (5th Cir. 2017). *Accord Finkelstein v. Spitzer,* 455 F.3d 131, 133-34 (2d Cir. 2006), *cert. denied,* 549 U.S. 1169 (2007) (collecting cases). Thus, "[a] federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus or some other type of relief." *Sinclair,* 679 F.2d at 515.

### III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of error coram nobis is **DISMISSED** for lack of subject matter jurisdiction. Further, for the reasons discussed, a certificate of appealability is **DENIED**.[1]

**SO ORDERED** on this 24th day of September, 2018.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Because the Court lacks jurisdiction over the action, no ruling is made on Petitioner's "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis," which is construed as a motion to proceed in forma pauperis. Mot., ECF No. 4.